PETROPLUS, JUDGE:
This claim was filed by B. L. Williams, claimant, against the West Virginia Department of Highways, respondent, for damages to an automobile operated by his eighteen year old daughter as the result of an accident that occurred about 11:45 P.M. on May 25, 1972, on U. S. Route 60 near Milton, West Virginia. The driver was traveling east on the two lane highway at approximately 40 miles per hour at night when she struck a barricade erected by the respondent in and across her lane of travel to divert traffic from an excavation in the right lane left by workers of the respondent who had been making repairs to the highway during the daytime hours. A deep hole in the highway from which the concrete and dirt had been removed, it is contended, was barricaded by lumber placed on the very edge of the excavation. It is further contended that two unlighted warning signs *217 stating “Men Working” and “One Lane Traffic” were installed respectively 220 feet and 120 feet from the excavation, and three unlighted plastic orange colored traffic pylons were installed between the excavation and “One Lane Traffic” sign.
It is charged that all unlighted signs, as well as the barricade were insufficient warning to a motorist driving at night at a reasonable speed, thereby creating a hazard to the traveling public which approached the excavation. It is also alleged that the hazard was reported to the West Virginia Police Detachment in Huntington, West Virginia, about three hours before the accident. No other automobiles were involved in the accident, nor had any accident occurred before the one in question.
The testimony and exhibits photographing the scene of the accident disclose a straight stretch of a two lane paved highway, with visibility in both directions for several hundred feet. The weather was clear and dry that night. The daughter who was driving testified that she saw three orange pylons and the barricade immediately before the accident, applied her brakes and swerved to the left to avoid the barricade, but struck the barricade, cutting the corner of the excavation, went across the road to the berm on the other side, then crossed the road again in her lane before she finally brought her car to a stop. She observed no warning lights or smudge pots at the scene of the accident. Upon being questioned by the Court she admitted that she saw the “Men Working” sign but assumed that they were working in the daytime. A police officer of Milton who arrived on the scene after the accident corroborated her testimony that there were no warning lights or smudge pots near the scene of the accident.
The State’s testimony offered by two witnesses employed by the Department of Highways was in sharp and direct conflict with the testimony of the claimant. They testified the excavation was only four inches deep and the repair site was barricaded when they went home for the evening, after installing three lighted smudge pots near the approach to the site and three more beyond the excavation, as well as three orange cones in front of the barricade. A flashing yellow light was placed on a wooden horse about five feet from the hole and a “Men Working” sign was installed 150 feet from the site. A “One Way Traffic Ahead” sign was also installed about 100 feet from the site. A new battery had been placed in the flasher just before they left the scene for the day.
*218 The issues of whether the respondent was guilty of negligence in preparing the repair site for night drivers and whether the driver was guilty of contributory negligence, and if both were guilty of negligence, and what was the proximate cause of the accident, are before this Court for a finding of facts.
If this Court finds the respondent guilty of negligence in not preparing the repair site properly for the safety of the traveling public at night, we must also find that the driver was free from negligence under the circumstances. If vandals or third parties for whom the State is not responsible had removed the lit smudge pots or extinguished the flames, negligence cannot be placed on the respondent unless it knew or had reason to know that a hazard had been created by the intervention of third parties.
It can be fairly inferred from the claimant’s evidence that the driver was not exercising the prudent care required of her. She admitted seeing the one sign designated “Men Working”, which was 220 feet from the accident point, and the distance her car traveled in its maneuvers after the accident implies difficulty in getting her car under control again. It would seem that a car traveling 40 miles per hour under normal conditions with adequate brakes should be brought to a stop before the distance indicated in her testimony. It is also well settled law that it is contributory negligence to drive a motor vehicle at such a rate of speed that it cannot be stopped in time to avoid hitting an object within the radius of the driver’s headlights. A motorist should drive in a manner to bring his car to a stop within the assured clear distance ahead, and within his range of vision, when approaching an obstruction on the road. At night the rule has been modified to the “radius of lights” rule, and is applied unless visibility is obscured or diverted. It is a reasonable conclusion on the evidence before us that the driver was negligent on her part, and we find that her negligence was the proximate cause of the accident, rather than the negligence, if any, of the State’s employees.
For the reasons stated, no award is made the claimant.
Claim disallowed.